IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
JAN - 9 2012
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By _____ Deputy Clerk

WENDELL R. AYERS,          )
                           )
            Plaintiff,     )
                           )
v.                         )     No. CIV 11-346-RAW-SPS
                           )
STATE OF OKLAHOMA, et al., )
                           )
            Defendants.    )

## OPINION AND ORDER

On December 12, 2011, this action was dismissed without prejudice for plaintiff's failure to pay the initial partial filing fee, as directed by the court on October 24, 2011. On January 3, 2012, plaintiff filed an objection to the dismissal, which the court construes as a motion for relief from a Judgment or Order, pursuant to Fed. R. Civ. P. 60(b). Rule 60(b) allows relief from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff alleges he had sufficient funds to pay the initial partial filing fee, but the

defendants failed to submit the payment. He asserts his case should not have been dismissed, because he had no control over the defendants' failure to comply with the order to release his funds for payment of the fee.

The record shows plaintiff was incarcerated in the Atoka County Jail, when he filed his complaint on October 3, 2011. On October 24, 2011, he was directed to send the initial partial filing fee by November 14, 2011. He waited, however, until his case was dismissed to notify the court of the defendants' alleged failure to cooperate in sending the fee. The Oklahoma Department of Corrections website indicates plaintiff was received into DOC custody on November 15, 2011, yet he apparently made no effort to have the funds released from his DOC inmate account.

The court notes that if this action had proceeded, plaintiff would have been required to file a proper amended complaint, because his "Amendment/Supplement," filed on October 17, 2011, did not comply with the requirements of Local Civil Rule 9.2(c). In addition, there is no indication a new action would be barred by the applicable statute of limitations. The court, therefore, finds plaintiff has shown no basis for relief under Fed. R. Civ. P. 60(b). He may, however, present his claims in a new civil rights action on the court's forms.

**ACCORDINGLY,** plaintiff's motion for relief from judgment [Docket No. 11] is DENIED. The Court Clerk is directed to send plaintiff the proper forms and instructions for filing a new civil rights action and motion for leave to proceed *in forma pauperis*. Plaintiff is advised that if he submits a new complaint, it must include all defendants and all causes of actions.

**IT IS SO ORDERED** this 9th day of January 2012.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

2